UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHNNIE LEE CASEY,

    Plaintiff,

v.                                    Case No. 5:23-cv-309-MW/MJF

INNOVATION FINANCIAL CREDIT
UNION and JEREMY HINTON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned has screened Plaintiff's second amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As to his federal claims—breach of fiduciary duty and a Truth in Lending Act claim—Plaintiff has failed to state a claim upon which relief can be granted. The District Court should dismiss Plaintiff's federal claims and should dismiss Plaintiff's state-law claim without prejudice so that Plaintiff may refile that claim in a Florida court.

### I. BACKGROUND

On or about December 9, 2021, Plaintiff completed a loan application with Innovation Financial Credit Union ("IFCU") and was

approved for a $3,000 loan.[1] Doc. 10 at 9; Doc. 8 at 6. Plaintiff alleges that that IFCU failed to properly disclose terms of the loan in violation of the Truth in Lending Act. Doc. 10 at 9.

Plaintiff also asserts that on October 24, 2023, he sought an audit of his account and his securities held with IFCU. *Id.* As part of his request, Plaintiff mailed "a bill of exchange for the offset or tender of payment for my principal balance on my loan account." *Id.* at 10. This "bill of exchange" was in the form of a "commercial note draft." *Id.* Plaintiff states that Hinton and IFCU dishonored the note/draft by deliberately ignoring Plaintiff's claims to the negotiable instruments and account. *Id.* at 9–10.

Plaintiff attempts to assert three claims:

- breach of fiduciary duty pursuant to:

    -the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.*,

    -a federal regulation enacted pursuant to the Federal Credit Union Act, 12 U.S.C. § 1751, *et seq.*, and

    -a provision of the Federal Reserve Act of 1913, 12 U.S.C. § 221, *et. seq.*

---

[1] The undersigned believes that the first part of Defendant's name is "Innovations," not "Innovation." But the undersigned employs Plaintiff's preferred spelling throughout this R&R.

- failure to make disclosures required by the Truth in Lending Act of 1968; and

- "wrongful dishonor" pursuant to various provisions of the Uniform Commercial Code.

## II. DISCUSSION

Plaintiff is proceeding *in forma pauperis*. Therefore, the District Court is required to review Plaintiff's complaint and dismiss any claim that is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The District Court must accept all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the Plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A. <u>**Failure to State a Claim of Breach of Fiduciary Duty**</u>

Plaintiff first attempts to state a claim of breach of fiduciary duty pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.*, a federal regulation enacted pursuant to the Federal Credit Union Act, 12 U.S.C. § 1751, *et seq.*, and a provision of the Federal Reserve Act of 1913, 12 U.S.C. § 221, *et. seq.* Doc. 10 at 9.

1. *Failure to State a Claim Under ERISA, 29 U.S.C. § 1109*

Plaintiff first attempts to state a claim of breach of fiduciary duty pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq*.  The ERISA states in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).

To state a claim under this provision, a plaintiff must allege that:

1. plaintiff was a participant in or beneficiary of a "plan;"

2. defendant was a fiduciary with respect to the "plan;"

3. defendant, while acting in his fiduciary capacity, breached a duty imposed on the defendant by ERISA;

4. the plaintiff suffered a loss; and

5. the defendant's breach of a duty imposed by ERISA was the proximate cause of the plaintiff's loss.

*Pizarro v. Home Depot, Inc.*, ___ F.4th ___, 2024 WL 3633379, at *4 (11th Cir. Aug. 2, 2024); *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1025 (8th Cir. 2022); *Bator v. Dist. Council 4*, 972 F.3d 924, 929 (7th Cir. 2020); *Willett v. Blue Cross & Blue Shield of Alabama*, 953 F.2d 1335, 1343 (11th Cir. 1992). For purposes of ERISA, the term "plan" means "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3).

Here, Plaintiff has failed to state a claim of breach of an ERISA fiduciary duty in multiple ways. Specifically, Plaintiff has failed to allege that:

- Plaintiff was a participant in or beneficiary of an ERISA plan;
- Defendants were fiduciaries with respect to a plan governed by ERISA;

- Defendants, while acting in their fiduciary capacities, breached a duty imposed by ERISA;

- Plaintiff suffered a loss; and

- the Defendant's breach of a duty imposed by ERISA was the proximate cause of Plaintiff's loss.

Accordingly, Plaintiff has failed to state an ERISA breach of fiduciary duty claim upon which relief can be granted.

### 2.  *12 C.F.R. § 701.4 Does Not Create a Cause of Action*

Plaintiff next attempts to state a claim of breach of fiduciary duty pursuant to a federal regulation enacted pursuant to the Federal Credit Union Act, 12 U.S.C. § 1751, *et seq*. Specifically, Plaintiff cites 12 C.F.R. § 701.4.

Section 701.4 merely sets forth the duties of directors of *federal* credit unions. It does not, however, explicitly create a private cause of action for enforcement of breaches of those duties. Plaintiff essentially invites the District Court to imply a private cause of action. The "power to create a cause of action is in every meaningful sense the power to enact a new law that assigns new rights and new legally enforceable duties. And our Constitution generally assigns *that* power to Congress," not to

the federal courts. *Nestle USA, Inc. v. Doe*, 593 U.S. 628, 643–44 (2021) (Gorsuch, J., concurring). Thus, "private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Courts demand "clear evidence of congressional intent as a prerequisite to a private right of action." *In re Wild*, 994 F.3d 1244, 1255 (11th Cir. 2021) (en banc).

Plaintiff cites no statute, and the undersigned has found no statute, that creates a private cause of action for breach of the duties imposed by § 701.4. Rather, at least two courts have indicated that regulations such as § 701.4 and its enabling statute do not create a private cause of action. *See Smith v. Dearborn Fin. Servs., Inc.*, 982 F.2d 976, 979 (6th Cir. 1993); *Acciard v. Whitney*, 2010 WL 6813952, at *4 (M.D. Fla. Sep. 17, 2010); *National Temple Non–Profit Corp. v. Nat'l Temple Comm. Fed'l Credit Union*, 603 F. Supp. 807, 808 (E.D. Pa. 1985). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

### 3. *12 U.S.C. § 504 Does Not Create a Cause of Action*

Plaintiff next attempts to state a claim of breach of fiduciary duty pursuant to a provision of the Federal Reserve Act of 1913, 12 U.S.C. § 221, *et. seq.* Specifically, Plaintiff cites 12 U.S.C. § 504.

"12 U.S.C. § 504 provides for the imposition of civil money penalties on member banks of the Federal Reserve system for violations of certain federal banking laws." *Woodley v. Baltimore Gas & Elec.*, 2024 WL 3691880, at *3 (D. Md. Aug. 6, 2024). Plaintiff does not allege that IFCU is a bank. Rather, he alleges that it is a credit union. Regardless, the "imposition of civil penalties under 12 U.S.C. § 504 is carried out by federal officials, and private individuals do not have a private right of action to enforce 12 U.S.C. § 504." *Griffin v. Phila. Fed. Credit Union*, 2024 WL 3403127, at *2 (E.D. Pa. July 11, 2024); *see McNeil v. Bridgecrest Acceptance Corp.*, 2024 WL 3534109, at *1 (M.D. Fla. July 25, 2024) (same); *see also* 12 U.S.C. § 1 (establishing the Office of the Comptroller of Currency to enforce the compliance with laws and regulations by financial institutions). Accordingly, with respect to 12 U.S.C. § 504, Plaintiff has failed to state a claim upon which relief can be granted.

B.     **Failure to State a Claim Under The TILA**

Plaintiff next attempts to state a claim under the Truth in Lending Act of 1968, 15 U.S.C. § 1601, *et seq*. Doc. 10 at 9–10. Specifically, Plaintiff contends that Defendants violated the Act's disclosure requirements.

The Truth in Lending Act and regulations enacted pursuant to the Act require lenders to make certain disclosures to borrowers concerning the terms of loans and credit agreements. *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 274 (6th Cir. 2019); *Clark v. Troy & Nichols, Inc.*, 864 F.2d 1261, 1264 (5th Cir. 1989). Specifically, the Act "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). "If a lender fails to make a required disclosure, TILA provides a borrower a private cause of action against a lender." *Lavis v. Reverse Mortg. Sols., Inc.*, 40 F.4th 181, 183 (4th Cir. 2022) (citing 15 U.S.C. § 1640(a)). A plaintiff, however, must initiate any lawsuit for a violation of the Act "within one year of the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984).

Here, Plaintiff alleges that he "entered into a credit card/loan agreement with Innovation Financial Credit Union" in December 2021. Doc. 8 at 6, 9; Doc. 10 at 9. A "failure to disclose" violation "occurs when the transaction is consummated, and nondisclosure is not a continuing

violation for the purposes of the statute of limitations." *Brown v. Santander Bank*, 848 F. App'x 400, 401 (11th Cir. 2021); *In re Smith*, 737 F.2d at 1552. Thus, IFCU's alleged failure to make the requisite disclosures occurred in or around December 2021. To comply with § 1640(e), therefore, Plaintiff had to file this civil action in or around *December 2022*. Plaintiff, however, did not file this civil action until *November 30, 2023*, almost one year too late. Doc. 1. Furthermore, the failure of a bank to make the requisite disclosures does not give rise to equitable tolling. *Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996), *as amended on denial of reh'g* (Oct. 2, 1996). Plaintiff, therefore, failed to state a claim upon which relief can be granted. *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021); *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018), *aff'd,* 587 U.S. 262 (2019).

### C. The District Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's UCC Claim

Finally, Plaintiff attempts to assert a state-law claim under various provisions of the Uniform Commercial Code. Doc. 10 at 10.

When all federal claims have been dismissed prior to trial, the Eleventh Circuit has "encouraged district courts to dismiss any

remaining state claims." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). The District Court, therefore, should decline to exercise jurisdiction over Plaintiff's state-law UCC claim and dismiss the claim without prejudice so that Plaintiff may pursue the claim in state court if he so elects. *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** Plaintiff's breach of fiduciary duty claim and Plaintiff's TILA claim for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. **DISMISS** without prejudice Plaintiff's state-law UCC claim.

3. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 12th day of August, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.**

*See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**